**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ANGELA ANN POWELL, *et al.*,    )<br>    Plaintiffs,    )<br>    )<br>v.    )    CIVIL ACTION: 1:18-00041-KD-N<br>    )<br>WAL-MART STORES, EAST, L.P.,    )<br>    Defendant.    )    | |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 33), Plaintiffs' Response (Doc. 35), and Defendant's Reply (Doc. 36).

**I.    Findings of Fact**[1]

This is a slip and fall premises liability case. On the evening of March 13, 2016, Henry Powell (Mr. Powell) drove his wife Angela Ann Powell (Mrs. Powell) to a Walmart store in Brewton, Alabama. (Doc. 1; Doc. 10; Doc. 33-2 at 36-38 (Dep. A.Powell)). Mrs. Powell walked into the store and into the exterior patio and garden area, picked up two plants, and started to walk back inside the store to the cash register to make her purchase. (Doc. 33-2 at 38-43 (Dep. A.Powell)). On the way Mrs. Powell slipped and fell on a floor rug/mat. (Id. at 45-47). Mrs. Powell describes the fall: she "stepped on the edge [of the rug], [and] the rug went out from under me[--] [i]t just bunched up and I hit the floor[,]" "[i]t just slipped[,]" and "I fell feet out in front of me on my butt." (Id. at 44-46). Mrs. Powell got up, picked up the plants, and noticed the presence of "a good bit of" water on the backs of her legs and shorts. (Id. at 48, 51-52). Mrs.

---

[1] The facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

1

Powell also saw "a substantial amount of water" under the rug (where it had bunched up when she slipped). (Id. at 50-52, 54). Mrs. Powell headed toward the register and picked up a third plant along the way. (Id. at 48, 57-58). Mrs. Powell purchased the plants and reported the fall to the cashier, stating that something needed to be done so no one else would be injured, pointing to the area of the fall. (Id. at 49, 58; Doc. 35-7 at 3 (Photograph C)). Mrs. Powell exited the store, got into a vehicle driven by Mr. Powell, and told him what happened. (Doc. 33-2 at 58 (Dep. A.Powell)); Doc. 33-3 at 13-14 (Dep. H.Powell)). Mr. Powell went into the store, asked to speak to a manager, and reported the incident. (Id.) Mr. Powell looked at the area of the fall, saw the rug bunched up, picked it up, and saw "all the water under it." (Doc. 33-3 at 14 (Dep. H.Powell)). On February 1, 2018, Plaintiffs filed a complaint against Defendant Wal-Mart Stores East, L.P. (Walmart) alleging: 1) negligence; 2) wanton conduct; and 3) loss of consortium. (Doc. 1; Doc. 10 (as amended)). Damages sought include medical expenses, mental anguish, pain and suffering, emotional distress, permanent injury, and lost wages.

## II.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> *(c) Procedures*
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

>evidence to support the fact.
>
>***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
>***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

### III.   Discussion[2]

### A.   Negligence

Plaintiffs allege negligence against Walmart. (Doc. 10). To establish negligence in a premises liability case in Alabama, Plaintiffs must prove that: 1) Walmart owed Mrs. Powell a duty of care; 2) Walmart breached that duty; 3) Plaintiffs suffered a loss or injury; and 4) Walmart's negligence was the actual and proximate cause of the injury. Giles v. Winn-Dixie Montg., LLC, 574 Fed. Appx. 892, 894 (11th Cir. 2014); Lollar v. Poe, 622 So.2d 902, 905 (Ala. 1993); Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994); John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 379 (Ala. 1990). "'The duty owed by a landowner to an injured party depends upon the status of the injured party in relation to the landowner's land, i.e., is the injured party a trespasser, a licensee, or an invitee." Manning v. Tractor Supply Co., 2015 WL 1578158, *2 (S.D. Ala. Apr. 9, 2015) (quoting Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 98 (Ala. 2010)).

Walmart is the premises owner. It is undisputed that Mrs. Powell, a shopper at Walmart, was a business invitee when she entered Walmart. Blankenship v. Baker Foods, Inc., 2018 WL 6725326, *2 (N.D. Ala. Dec. 21, 2018) (a slip and fall case involving a floor mat at a Piggly Wiggly grocery store). See also e.g., Freeman v. Freeman, 67 So.3d 902, 907-908 (Ala. Civ. App. 2011) ("A business visitor is a person who is invited to enter or remain on land for a

---

[2] As an aside, Walmart asserts: "Knowledge is the cornerstone of all premises liability cases. Without proof of knowledge, actual or constructive, by the premises owner of the injury causing hazard, a Mrs. Powell's premises liability claim against a premises owner must fail." (Doc. 33 at 1). The cornerstone is notice, which does not always necessarily equate with knowledge, as a matter of law. Often because "'[n]otice' means notice; it does not mean 'actual knowledge[.]'" Mississippi Valley Title Ins. Co. v. Marion Bank and Trust Co., 2012 WL 5328644, *2 (S.D. Ala. Oct. 26, 2012). See also Lewis v. W.T. Grant Co., 129 F. Supp. 805 (S.D. W.Va. 1955) (discussing "a distinction as to knowledge or notice, between accidents resulting from some inherent defect in the construction and maintenance of the floor, and a fall caused by an extrinsic or foreign substance on the floor[]"). For example, an owner's constructive notice of a condition would be factually distinct from the owner's actual knowledge of same. Alabama statutes also make a distinction between knowledge (as actual knowledge of a fact) and notice

purpose directly or indirectly connected with business dealings of the possessor of the land." (citation and internal quotation marks omitted)).  In Alabama, the premises owner owes its invitees a duty to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises [are] in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care."  Hunter v. Durr Sys., Inc., 2007 WL 1215075, *2 (M.D. Ala. Apr. 24, 2007).  This duty does not extend to "open and obvious" dangers.  Id. Blankenship, 2018 WL 6725326, *2.  Additionally, "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee[,]"and a premises owner is not an insurer of the safety of its invitees.  Ex parte Harold L. Martin Dist. Co., 769 So.2d 313, 314 (Ala. 2000).  See also Giles, 574 Fed. Appx. at 894 (same).  In sum, "[a] store owner's duty is…'to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.'…Consequently, [an] injured 'Plaintiff must prove that the injury was proximately caused by the negligence of [the premises owner] or one of its servants or employees. Actual or constructive notice….must be proven before [the premises owner] can be held responsible for the injury.'"  Dolgencorp, Inc. v. Hall, 890 So.2d 98, 100 (Ala. 2003) (internal citations omitted).

Typically, actual or constructive notice must be proven before a premises owner can be held liable.  Maddox By & Through Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990). *However*, exceptions exist.  As explained in Edwards v. Intergraph Servs. Co., 4 So.3d 495, 503-504 (Ala. Civ. App. 2008), when a premises owner "affirmatively creates" the defective condition (e.g., placing items in an aisle, failing to perform reasonable inspections or maintenance to discover or prevent a defective condition, etc.) notice can be inferred.

---

(something else).  See, e.g., Ala. Code. §§ 10A-9-1.03, 7-1-202.

A plaintiff's speculation about the cause of an injury is insufficient to avoid summary judgment. See, e.g., Giles, 574 Fed. Appx. at 984 (finding similarly); Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) ("unsupported speculation ... does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment[]"). Holding a defendant liable in cases of mere speculation "would render premises owners virtual insurers of others' safety and would impose liability that is nearly absolute." Ex parte Martin Dist., 769 So.3d at 316. As explained in McCarroll v. Wal-Mart Stores, Inc., 2012 WL 1659179, *2 (S.D. Ala. May 11, 2012):

> To recover on a premises liability claim governed by Alabama law, McCarroll "must prove that h[er] fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident." *Logan v. Winn–Dixie, Inc.,* 594 So.2d 83, 84 (Ala.1992). *See also Fowler v. CEC Entertainment*, 921 So.2d 428, 433 (Ala.Civ.App.2005). A plaintiff may prove constructive notice through evidence tending to show a condition had been present for a sufficient period of time that the defendant should have been aware of its presence. *Dunklin v. Winn–Dixie of Montgomery, Inc.,* 595 So.2d 463, 464 (Ala.1992); *Cash v. Winn–Dixie of Montgomery, Inc.,* 418 So.2d 874, 876 (Ala.1982). In other words, substantial evidence of the nature and condition of the substance from which a reasonable jury may infer that it had been on the floor for a sufficient length of time to impute notice to defendants. *See, e.g., Dunklin*, 595 So.2d at 464. However, if the plaintiff's evidence "amounts to little more than speculation or conjecture as to the nature of the substance on the floor, as to the length of time the substance was on the floor, and as to whether the defendants were delinquent in not discovering the substance and cleaning it up," then "the defendants [are] entitled to a summary judgment." *Speer v. Pin Palace Bowling Alley*, 599 So.2d 1140, 1143–1144 (Ala.1992). *See also Henderson v. Dollar General Corp.,…*2009 WL 959560, at *6 (S.D.Ala. Apr.7, 2009).

Thus, to establish notice of a substance (the water) on the floor, Mrs. Powell must prove: 1) the water had been on the floor for a sufficient length of time to impute constructive notice to Walmart; 2) Walmart had actual notice the water was on the floor; _or_ 3) Walmart was delinquent in not discovering and removing the water. Maddox, 565 So.2d at 16.

6

The evidence reveals that Mrs. Powell did not know how the water ended up under the rug, how long the water had been under the rug, or whether anyone (Walmart employees or others) knew there was water under the rug. (Doc. 33-2 at 53-54) (Dep. A.Powell)). Mrs. Powell described the water as clear, other than the dirt from the plants that she had dropped on the floor when she fell. (Id. at 53). Mrs. Powell did not check to see if the top of the rug was wet. (Id.) Mrs. Powell did not see any water on the floor or around the rug prior to falling. (Id. at 48, 51). Mrs. Powell did not know how the water came to be on the floor, how long the water had been on the floor prior to her fall, whether Walmart had any notice that there was water on the floor or underneath the rug, or whether a Walmart employee was responsible for placing the rug on the floor. (Id. at 55-56). Mrs. Powell did not even provide speculation testimony as to the any requisite factors to establish notice. Without evidence explaining how the water came to be under the mat or how long it had been there before her fall -- that Walmart had actual or constructive notice of the hazardous condition which caused the damage -- summary judgment cannot be avoided. See, e.g., Duncan v. Wal-Mart La., L.L.C., 863 F.3d 406, 409-410 (5th Cir. 2017) (Walmart did not have actual or constructive notice of the condition where its employee slipped and fell on a mat, got up, noticed the mat shifted, saw water under the mat, but offered no evidence to explain how the water got under the mat or how long it had been there).

Rather, in opposition to summary judgment, Plaintiffs "recast" their argument as follows -- there was a hazardous condition of which Walmart's notice can be "inferred" because: 1) there was an "unusual accumulation" of water underneath the rug; 2) Walmart agents/employees placed the rug/mat on a wet floor, the mat was already wet, *or* they failed to adequately clean an earlier spill; and 3) Walmart agents/employees placed orange cones or warning signs in the area *before* Mrs. Powell's fall. (Doc. 35 at 7-8). Plaintiffs then rely upon "rainwater" premises

liability case law to support their argument as follows: "This case is similar to a rainwater case in that the 'length-of- time' argument is not required…. store owners are on notice that water may be tracked in and must take precautions to prevent an unusual accumulation of water….Similarly, Wal-Mart must take adequate precautions to ensure that its floor underneath its mats are dry to prevent slippage.… In a rainwater case, the notice may be constructive where there was an 'unusual accumulation' of water. This situation is similar because there was an unusual accumulation of water underneath the surface of the mat." (Doc. 35 at 7).

Plaintiffs mistakenly rely on rainwater case law and a mischaracterization of the evidence (as bases for Walmart's notice).  First, "Alabama law is well established that rain water cases are *unequivocally distinct* from other slip-and-fall cases." Mendez v. Walgreen Co., 2015 WL 3767218, *3 (N.D. Ala. Jun. 17, 2015) (emphasis added).  Per the Eleventh Circuit in Elrod v. Dolgencorp, LLC, 711 Fed. Appx. 511, 584 (11th Cir. 2017) (international citations omitted): "….an action for premises liability based on flooring made slippery by rainwater is 'distinguishable from [an accident] resulting from some other object as is usual in a slip and fall case.'….Shopkeepers are not liable for slippery conditions caused by rainwater unless 'there are unusual accumulations of rain water or other circumstances...requiring that the storekeeper take affirmative measures….'"  See also Gunter v. Publix Super Markets, Inc., 2017 WL 2903179, *12-13 (M.D. Ala. May 3, 2017) (discussing same).  This is a non-rainwater case.

Second, as to the characterization of the evidence, Mr. Powell testified that there were no caution cones or wet floor signs in the area of Mrs. Powell's fall.  (Doc. 35-5 at 8-9).  Mrs. Powell likewise testified that she did not see any signs or caution cones in the area of her fall. (Doc. 33-2 (Dep. Mrs. Powell at 19-20)).  While Walmart stated in response to interrogatories that warning signs were present at the time of Mrs. Powell's incident, Walmart did not state that

warnings were present in the specific area of her fall at the time of the incident. (Doc. 35-3 at 5 (and referencing video)). Instead, as Walmart explains that it stated:

> …."warnings were present at the time of Plaintiff's incident" without delineated where the warnings were located and direct Plaintiffs to the store video, which shows three caution cones **at the entrance to the store near the garden center**. (Doc. 35-7, p. 2.) Plaintiffs, in their depositions (as well as in their response brief) clearly testified that this is not where the fall occurred, that **the fall occurred at the entrance to the patio area from the garden center and that there were no caution cones in the area of her fall**. (Doc. 35, pp. 3-5; Angela Powell Dep. pp. 44-45, 54-55; Plaintiff Henry Powell Dep. Excerpts, attached as Exhibit "B", pp. 13-14, 19-20)…..

(Doc. 36 at 4 at note 2 (emphasis added)).

Plaintiffs submitted a March 13, 2016 7:36 pm. photograph of an area with orange warning cones at/near the entry/exit labeled as "garden center." (Doc. 35-7 at 2). However Plaintiffs also state this photograph does not show the area where the incident occurred, but rather was submitted to show the type of rug used by Walmart. Thus, there is no evidence to support the existence of orange warning cones in the area of Mrs. Powell's fall *before or at the time of* the incident. *Cf.* Johnson v. Logan Roadhouse, Inc., 2016 WL 4585927, *5 (N.D. Ala. Sept. 2, 2016) (the fact that Logan's placed a wet floor sign in or around the restroom demonstrates that Logan's was aware of at least some water on the restroom floor. …This evidence permits a reasonable inference that a Logan's employee learned that the floor was wet and then displayed the warning sign. Therefore, there is sufficient evidence to allow a factfinder to determine whether Logan's had actual notice of the hazardous condition at issue[]"). In sum, Plaintiffs have not created genuine issues of material fact as to Walmart's notice (constructive or actual) or that Walmart was delinquent in failing to discover and/or clean-up water under the rug. See e.g., Patrick v. Publix Super Markets, Inc., 2017 WL 1159104, *6 (S.D. Ala. Mar. 28, 2017) (plaintiffs "failed to produce sufficient evidence demonstrating a genuine issue of material fact as

9

to whether Publix 'affirmatively created' the wet patch on which Patrick slipped that would allow for presumed notice…[and] failed to present any argument or evidence of actual or constructive notice…..only speculation about the cause of the fall….insufficient to overcome a summary judgment motion[]"); Williams v. Wal-Mart Stores, Inc., 342 Fed. Appx. 478, 479-480 (11th Cir. 2009) (granting summary judgment where the plaintiff failed to establish actual or constructive notice, or that the store was delinquent for failing to discover or remove a puddle); Carter v. Walgreens Spec. Pharm. LLC, 2018 WL 3012342, *5 (N.D. Ala. Jun. 15, 2018) ("[b]ecause Plaintiff has not offered substantial evidence…[of]…actual or constructive notice….prior to Plaintiff's slip…[the] negligence and premises liability claims fail as a matter of law…"); McCarroll v. Wal-Mart Stores, Inc., 2012 WL 1659179, *4 (S.D. Ala. May 11, 2012) ("there is no direct evidence as to how long the puddle of water was on the floor in the freezer aisle prior to the incident. Additionally, there is insufficient circumstantial evidence of notice as to how long the puddle of water had been on the floor. At best, McCarroll's notice allegations amount to little more than speculation or conjecture such that Wal–Mart is entitled to summary judgment[]"); Tidd v. Wal-Mart Stores, 757 F. Supp. 1322, 1323-1324 (N.D. Ala. 1991) (granting summary judgment (noting the size of a spill is not indicative of the length of time a substance may be present), where the "record is devoid of evidence regarding the length of time the spill had been on the floor...[and]…that the defendant had any knowledge or…should have...of a hazardous condition on its premises[]").   Accordingly, Walmart's motion is **GRANTED** as to the negligence claim.

### B.     Wanton Conduct

Plaintiffs allege wantonness against Walmart. (Doc. 10). In Alabama, wantonness has been defined "as the conscious doing of some act or the omission of some duty, while knowing

10

of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala.1994); Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1256 (Ala. 1998) (same). Alabama statutory law specifies that Plaintiffs must show that Walmart committed a conscious or intentional act with knowledge that injury was likely to occur or that actually caused Mrs. Powell's injury. Ala. Code § 6–11–20(b)(3) ("[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others[]"). The Alabama Supreme Court has further explained the difference between negligence and wantonness as follows:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....
>
> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious intentional act.

Taylor v. Pezoid Mgt. Assoc., Inc., 2015 WL 914906, *5 (M.D. Ala. Mar. 3, 2015) (citing Ex parte Anderson, 682 So.2d 467, 470 (Ala. 1996)). See also Hornady Truck Line, Inc. Meadows, 847 So.2d 908, 916 (Ala. 2002). "Wantonness is a question of fact for the jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness[.]" Givens v. Saxon Mortg. Servs., Inc., 2014 WL 2452891, *15-16 (S.D. Ala. Jun. 2, 2014).

There is no evidence indicating that Walmart knew the water was on the floor and/or that Walmart was engaging in a practice that would likely or probably result in Mrs. Powell's injury. There is also no evidence indicating that Walmart created the alleged hazard or that it had, or should have had, notice of the water prior to Mrs. Powell's fall. As noted *supra*, Mrs. Powell testified that she does know how the water came to be on the floor, how long it had been on the

11

floor, whether Walmart had any notice that there was water on the floor underneath the rug, or whether a Walmart employee placed the rug on the floor over the water, etc. (Doc. 33-2 at 55-56 (Dep. A.Powell)).  Given the lack of evidence of Walmart's notice of the alleged hazardous condition prior to the accident, the Court cannot conclude that Walmart acted with a conscious and reckless disregard of the rights and safety of others.  See, e.g., Blankenship, 2018 WL 6725326, *4 (finding no evidence of willful and wanton conduct).  Moreover, in response, Plaintiffs do not dispute that summary judgment should be granted on this claim. (Doc. 35 at g at note 2).  Thus, Walmart's motion is **GRANTED** as to wantonness.

**C.     Loss of Consortium**

For Mr. Powell's loss of consortium claim to be viable, one of Mrs. Powell's claims must survive summary judgment.  As explained in Giles, 574 Fed. Appx. at 894:

> ….Because…[plaintiff's]….negligence and wantonness claims do not survive summary judgment, neither does…[the]…loss of consortium claim. *See Ex parte N.P.*, 676 So.2d 928, 930 (Ala.1996) (under Alabama law, loss of consortium claims are derivative of the claims of the injured spouse and, thus, to recover for loss of consortium, plaintiffs must prove, as a threshold matter, that their spouse's injury was caused by defendant's wrongful acts)…..

See also e.g., Lanham v. Gnewuch, 2015 WL 3966480, *9-10 (N.D. Ala. Jun. 30, 2015).  As neither Mrs. Powell's negligence nor wantonness claims survive summary judgment, neither does Mr. Powell's claim.  Thus, Walmart's motion is **GRANTED** as to loss of consortium.

**IV.    Conclusion**

Based on the foregoing, it is **ORDERED** that Defendant Wal-Mart Stores, East, L.P.'s Motion for Summary Judgment (Doc. 33) is **GRANTED.**

As provided in Rule 58 of the Federal Rules of Civil Procedure, a Final Judgment shall issue contemporaneously with this Order, by separate document.

**DONE** and **ORDERED** this the **12th** day of **February 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**